IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EVOLVE FEDERAL CREDIT UNION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-11-CV-367-KC |
| MARIA CONSUELO DOMINGUEZ RODRIGUEZ, SERGIO R. RODRIGUEZ, MIGUEL DOMINGUEZ and MARIA G. DOMINGUEZ, | § § § § § § | |
| Defendants. | § § | |

## ORDER

On this day, the Court considered Plaintiff Evolve Federal Credit Union's Motion for

Default Judgment ("Motion"), ECF No. 17.  For the reasons set forth herein, the Motion is

**DENIED** in part and **TAKEN UNDER ADVISEMENT** in part.  The Court finds that additional

briefing is necessary before the Court can rule on the remaining claim.

I.      BACKGROUND

The following facts are considered admissions and are therefore taken as true, as is proper

when defendants default.  *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206

(5th Cir. 1975).  In 2005, Defendants Sergio Rodriguez and Maria Rodriguez, husband and wife,

purchased property located at Lot 12, Block B, Patterson Subdivision, and Addition to the City of

El Paso, El Paso County, Texas, according to the plat thereof on File in Volume 14, Page 12,

Real Property Records of El Paso County, Texas ("Lot 12" or "the Property").  Pl.'s First Am.

Original Compl. and Req. for Declaratory J. ("Complaint") ¶ 11, ECF No. 18.  Maria and Sergio

Rodriguez subsequently conveyed Lot 12 via warranty deed to themselves and Maria

Rodriguez's mother, Maria Dominguez.  Compl. ¶ 11.  In June of 2008, Maria and Sergio

Rodriguez applied to Plaintiff for a $98,000 home equity loan (the "loan") to be secured by a

deed of trust on Lot 12.  Compl. ¶ 12.

Maria and Sergio Rodriguez appeared at Plaintiff's office to sign the deed of trust without

Maria Dominguez.  Compl. ¶ 14.  When Plaintiff's representative, Lilia Flores, inquired about

Maria Dominguez's absence, Maria Rodriguez falsely stated that Maria Dominguez was her

maiden name and that Maria Dominguez and Maria Rodriguez were one and the same.  Compl. ¶

14.  Maria Rodriguez presented a certificate of naturalization with the name Maria Dominguez as

proof of identity.  Compl. ¶ 14; Aff. of Lilia Flores Ex. 3, ECF No. 14-3.  Maria Rodriguez then

signed the deed of trust "Maria Consuelo Rodriguez, a/k/a Maria Dominguez."  Compl. ¶14; Aff.

of Lilia Flores Ex. 4, at 8, ECF No, 14-4.  Sergio Rodriguez did not correct his wife's

misrepresentation.  *See* Compl. ¶¶ 14-15.

Maria and Sergio Rodriguez stopped making payments on the loan approximately one

year after it was issued.  Compl. ¶ 16.  Plaintiff filed an Application for Foreclosure

("Application") in the 210th District Court, El Paso County, Texas.  Aff. of Lane Reedman ¶ 4,

ECF No. 15.  In response, Defendants Maria Rodriguez, Sergio Rodriguez, and Maria

Dominguez filed a lawsuit challenging the validity of the loan, which was later consolidated with

the Application.  *Id.*  On December 8, 2010, the state court granted the Application and entered

judgment against Defendants Maria Rodriguez, Sergio Rodriguez, and Maria Dominguez in the

amount of $100,425.41 plus $20,197.47 in attorney's fees and expenses.  *See* Aff. of Lane

Reedman Ex. 10, ECF No. 15-5.

On July 15, 2011, Defendants provided Plaintiff with notice that Defendants were

rescinding the loan transaction pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601

et seq.  *See* Aff. of Lane Reedman Ex. 11 ("Notice of Rescission"), ECF No. 15-6.  The Notice of

Rescission also stated that Defendants planned to file a lawsuit against Plaintiff for violations of

TILA.  *Id.*  In response, Plaintiff filed the instant lawsuit seeking a declaratory judgment that the

"conduct of Defendant Maria Consuelo Dominguez Rodriguez constitutes fraud and bars

exercise of the right of rescission by any of Defendants" and a permanent injunction restraining

Defendants "from commencing any action to rescind the loan transaction giving rise to this suit,"

as well as costs and any further relief to which Plaintiff is entitled.  Compl. ¶ 21.

Plaintiff served Defendants with summons and a copy of the Complaint.  Twenty-one

days have passed since service of process, and Defendants have failed to appear.  *See* Fed. R.

Civ. P. 12(a)(1)(A)(i).  Plaintiff now seeks default judgment pursuant to Federal Rule of Civil

Procedure 55.  *See* Mot.; Fed. R. Civ. P. 55.

## II.    DISCUSSION

### A.    Jurisdiction

The Court must first address its jurisdiction to hear this case "since the court must find

jurisdiction before determining the validity of a claim."  *Moran v. Kingdom of Saudi Arabia*, 27

F.3d 169, 172 (5th Cir. 1994) (quoting *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445,

449 (6th Cir. 1988), *abrogated on other grounds by Am. Telecom Co., L.L.C. v. Republic of*

*Lebanon*, 501 F.3d 534, 540 n.8 (6th Cir. 2007)).  Subject matter jurisdiction is the "authority of

the court to adjudicate the type of controversy involved in the action." *Carlisle v. United States*, 517 U.S. 416, 434-35 (1996) (Ginsburg, J., concurring) (quoting Restatement (Second) of Judgments § 11 (1982)).  "The district courts of the United States . . .  are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (internal quotation omitted).  Because jurisdiction "is mandatory for the maintenance of an action in federal court," a case must be dismissed if jurisdiction is lacking.  *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff seeks a declaratory judgment and injunction, and claims the Court has federal question jurisdiction under 28 U.S.C. § 1331 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  Compl. ¶ 6.  Plaintiff asserts that the underlying controversy arises under TILA and requests a declaration of its right to assert a defense against a claim for rescission, as well as an injunction barring Defendants from seeking rescission.  Compl.  ¶¶ 6, 18-19.

Sections 2201 and 2202 create a declaratory judgment remedy, but do not expand the Court's jurisdiction.  *Pub. Serv. Comm. of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 242 (1952). Thus, an action for declaratory judgment must still meet traditional jurisdictional requirements. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950).  When a plaintiff in a declaratory judgment actions seeks a declaration of his right to assert a defense, as is the case here, "it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction." *Wycoff*, 344 U.S. at 248; *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 19 (1983) (in establishing jurisdiction, courts ask "if the declaratory judgment defendant brought a coercive

action to enforce its rights, [whether] that suit would necessarily present a federal question").

Here, Defendants have threatened to sue Plaintiff for violations of TILA. Notice of Rescission at 1. Because TILA is a federal law, the threatened suit would present a federal question. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1181 (5th Cir. 1984). Thus, the Court has federal question jurisdiction over Plaintiff's action.

**B.      Standard**

A default shall be entered if a party fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). After default is entered, a party may move for a default judgment.[1] *See* Fed. R. Civ. P. 55(b)(2); *N. Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Indeed, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

Moreover, a default judgment will only be rendered if there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. Thus, when a plaintiff fails

---

[1]      The Fifth Circuit provides a useful review of the terms related to defaults:
> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*N. Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (internal citations omitted).

to state a claim upon which relief could be granted, a court may deny a request for default

judgment.  *Lewis*, 236 F.3d at 767-68 (holding denial of default judgment is appropriate in

situations where factual allegations, even if found true, do not establish liability).

In deciding whether a plaintiff has stated a claim upon which relief could be granted, the

Court must accept well-pleaded facts as true and view them in a light most favorable to the

plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley*

*Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Still, "a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265,

286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).

Thus, in order for the Court to find that Plaintiff has stated a legally viable claim, the

Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at

555 (internal citation omitted).

### C.      Analysis

Plaintiff requests (1) a declaratory judgment that Maria Rodriguez's fraud in obtaining the

loan bars her right to rescind the loan; and (2) a permanent injunction preventing Defendants

from seeking to rescind the loan.  The Court considers each request in turn.

#### 1.        Declaratory judgment on fraud barring the right to rescission.

The Declaratory Judgement Act permits courts to declare "the rights and other legal

relations" of adverse parties in an actual case or controversy.  28 U.S.C. § 2201.  Courts have

substantial discretion in deciding whether to declare the rights of litigants.  *Williams v. Liberty Mut. Ins. Co.*, No. 04-30768, 2005 WL 776170, at \*3 (5th Cir. Apr. 7, 2005).

Notably, the Declaratory Judgment Act is procedural in nature only, and does not create substantive rights.  *Skelly Oil*, 339 U.S. at 671-72; *see also Clark v. Memolo*, 174 F.2d 978, 980 (D.C. Cir. 1949) ("[T]he Declaratory Judgment Act does not confer or extend jurisdiction over an area not already covered, nor can it be used to give relief indirectly which could not be given directly.").  Instead, actions for declaratory judgment are "procedure[s] for adjudicating existing rights."  *Western Cas. & Sur. Co. v. Herman*, 405 F.2d 121, 124 (8th Cir. 1968); *see also Reiter v. Ill. Nat. Cas. Co.*, 213 F.2d 946, 949 (7th Cir. 1954) (holding that the Declaratory Judgment Act "did not increase in anywise the jurisdiction of the United States District Court over the substantive rights of litigants or create new causes of action."); 5 Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. §1238 (3d ed. 2004) ("The Declaratory Judgment Act neither extends the jurisdiction of the federal courts nor enlarges substantive rights.").

Plaintiff's Motion seeks a declaration "that fraud on the part of Maria Consuelo Dominguez Rodriguez vitiates the right of rescission under the Fair Debt Collection Practices Act [("FDCPA")]."  Mot. 5.  Additionally, Plaintiff's proposed order for default judgment requests that the Court declare "[m]isrepresentations of [Maria and Sergio Rodriguez] bars [sic] Defendants from any right of rescission they might otherwise have under the [FDCPA]."  Mot. Attach. 1, ¶ 11, ECF No. 17-1.  Plaintiff's Motion for Entry of Default also mentions the FDCPA, 15 U.S.C. § 1692 et seq.  Mot. for Entry of Default ¶ 2, ECF No. 12.

The FDCPA's purpose is to "eliminate abusive debt collection practice by debt collectors."  *See* 15 U.S.C. § 1692(e).  However, Plaintiff's Complaint nowhere mentions the

FDCPA, nor does it mention debt-collection attempts or seek relief related to debt collection practices. *See generally* Compl.  Debt collection practices are simply not at issue in this case. Even if debt collection practices were involved, Plaintiff, as originator of the loan at issue, is not a debt collector, and thus the FDCPA is inapplicable.  *See* 15 U.S.C. § 1692a (6) (F) ("any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person" is not a debt collector); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  Further rendering Plaintiff's Motion inexplicable, the FDCPA does not provide the right of rescission Plaintiff refers to.  *See* 15 U.S.C. § 1692 et seq.

Plaintiff's Complaint does, however, refer to Defendants' right of rescission pursuant to TILA.  Compl. ¶¶ 18-19.  The Court therefore believes that the references to the FDCPA in Plaintiff's Motion are in error, and that Plaintiff intended to refer to TILA.  Accordingly, the Court construes the Motion as requesting the relief sought in the Complaint: a declaratory judgment that fraud bars the right to rescind under TILA, not under the FDCPA.

Congress enacted TILA to support the informed use of credit by requiring that lenders disclose certain credit terms so that consumers could comprehend and compare various credit term options.  15 U.S.C. § 1601.  In doing so, TILA protects consumers from "inaccurate and unfair credit practices." *Fairley v. Turan-Foley Imps., Inc.*, 65 F.3d 475, 477 (5th Cir. 1995).  In certain credit transactions, TILA provides consumers with a three-year window, commencing on the consummation of the transaction or sale of the property, in which the consumer can rescind a loan.  15 U.S.C. § 1635(f).  Here, Plaintiff admits that Defendants timely provided notice of rescission. *See* Compl. ¶ 17; Notice of Rescission; Aff. of Lilia Flores ¶ 6.  However, Plaintiff

claims that Maria Rodriguez's fraud in obtaining the loan prevents Defendants from exercising the TILA rescission right, and seeks a declaration to that effect.  *See generally* Compl.

TILA provides a defense against rescission for creditors who issued loans based on a borrower's fraudulent misrepresentations.  In 2010, Congress passed the Dodd-Frank Act, which provides creditors with new affirmative defenses to TILA claims.  *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank Act"); *see also* John L. Ropiequet et al., *The Dodd-Frank Act Changes the Consumer Finance Landscape*, 64 Consumer Fin. L. Q. Rep. 284, 291 (2010).  One such defense is that "no creditor or assignee shall be liable to an obligor under this section, if such obligor, or co-obligor has been *convicted* of obtaining by actual fraud such residential mortgage loan."  Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1417, 124 Stat. 1376, 2153 (2010) (to be codified at 15 U.S.C. § 1640 (l)) ("Dodd-Frank defense") (emphasis added).  However, Plaintiff does not invoke the Dodd-Frank defense in its Complaint or its Motion, although the Motion briefly refers to the penalties for those convicted of bank fraud.  Mot. ¶ 9. Even if Plaintiff had, Plaintiff has neither alleged nor provided facts showing that Defendants have been convicted of fraud.  Therefore, Plaintiff has failed to fulfill the required elements of the Dodd-Frank defense.

Although Plaintiff's Complaint requests a declaration that it has a defense to a TILA rescission claim, Plaintiff's Motion has failed to demonstrate how the facts established in the Complaint entitle Plaintiff to any type of relief under the law.  The Court believes further citation to legal authority is needed regarding how the established facts demonstrate a basis for relief.  *See Hollis v. Itawamba Cnty. Loans*, 657 F.2d 746, 750 (5th Cir. 1981) (citing *Pub. Affairs*

*Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)) ("In the exercise of their sound discretion to entertain declaratory actions the district courts . . . may take into consideration the speculativeness of the situation before them and the adequacy of the record for the determination they are called upon to make."). Therefore, the Court orders Plaintiff to further brief the issue of how the Complaint states a claim for relief in the form of a declaratory judgment that the borrowers' actions in this case bars the right to a rescission under TILA.

### 2.    Permanent injunction

Plaintiff also seeks a permanent injunction restraining Defendants "from commencing any action to rescind the loan transaction giving rise to this suit." Compl. ¶ 21; *see also* Mot. 5 (requesting the Court to "enjoin[] all Defendants against further attempts to rescind the loan agreement or Plaintiff's security interest."); *but see* Mot. Attach. 1 (Plaintiff's Proposed Order omitting request for injunctive relief). To obtain a permanent injunction, a plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2756 (2010). Plaintiff's Complaint utterly fails to provide any facts supporting a single one of these factors. Therefore, Court finds that Plaintiff has failed to state a claim that would entitle it to an injunction.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment ("Motion"), ECF No. 17, is **DENIED** in part and **TAKEN UNDER ADVISEMENT** in part.

Plaintiff's Motion is **DENIED** with regard to Plaintiff's request for a permanent injunction and is **TAKEN UNDER ADVISEMENT** with regard to the request for a declaratory judgment.

Further, it is **ORDERED** that Plaintiff brief the issue, with citation to legal authority, of how the Complaint states a claim for relief in the form of a declaratory judgment that the borrowers' actions in this case bar the right to a rescission under the Truth in Lending Act by **January 27, 2012**.  Failure to do so may result in dismissal of the case.

**SO ORDERED**

.

**SIGNED** on this 12th  day of January, 2012.


_____

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE